UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

ANN M. TOPPIN

    Plaintiff,

V

ONE STOP AUTO PARTS, INC.

    Defendant.               MAY 26, 2009

## COMPLAINT

**FIRST COUNT:**

    1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 *et seq*. and for violation of the Md. Ann. Code <u>Commercial Law</u> Credit Grantor Closed End Credit § 12-1001 et *seq*. and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105 *et seq*.

    2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

    3. Plaintiff is a resident of Baltimore City, Baltimore County, and State of Maryland.

    4. Defendant, One Stop Auto Parts, Inc. hereinafter referred to as ("OSAPI") is a domestic corporation with a place of business at 3417 Greenmount Avenue, Baltimore Maryland 21218.

5.  At all times herein Defendant in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

6. Defendant is a creditor within the meaning of 15 U.S.C. § 1601, et seq. and regulation promulgated thereunder.

7. On or about November 29, 2009 Plaintiff entered into a consumer credit transaction with Defendant OSAPI to buy a car for personal, family or household use.

8.  Based on information and belief Defendant violated the Odometer Act in that this Defendant failed to issue an odometer statement to the Plaintiff or (B) provided an inaccurate odometer statement to the plaintiff or (C) that the odometer reading differs from the provided odometer statement.

9. Defendant failed to deliver the title documents at time of sale.

10. Defendant failed to disclose the odometer reading on the proper title documents in violation of 49 C.F.R. §580.5.

11.  Defendant has so acted with intent to defraud the Plaintiff.

**SECOND COUNT:**

12. The allegations of paragraph no.7 of the First Count are repeated as if fully set forth herein.

13.  Defendant charged Plaintiff government fees, expenses and or taxes in excess of those authorized in violation of Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1005.

**THIRD COUNT:**

14. Defendant has committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act § 13-105 et seq., including, but not limited to: failing to disclose to Plaintiff accurate financial terms of the transaction.

15. Defendant failed to provide the Plaintiff with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show Plaintiffs title at time of sale.

16. Defendant charged Plaintiff government fees in excess as those allowed.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, cost and attorney fees on Count I.

2. Award Plaintiff actual damages and statutory damages on Count II.

3. Award Plaintiffs actual damages, statutory damages, costs and attorney fees on Count II.

4. Award such other or further relief, as the Court deems just or equitable.

                THE PLAINTIFF

                BY/S/Bernard T. Kennedy
                Bernard T. Kennedy, Esquire
                The Kennedy Law Firm
                P.O. Box 657
                Edgewater, MD 21037
                Ph   (443) 607-8901
                Fax (443) 607-8903
                Fed. Bar # Md26843
                bernardtkennedy@yahoo.com